TAYLOR, J.
 

 The mother, T.G., appeals the trial court’s final judgment terminating her parental rights to three of her minor children, U.L., K.L., and U.G.
 
 [1]
 
 The court based its judgment primarily on the mother’s failure to complete her reunification case plan and her abandonment of the children while they were in foster care. We affirm on all issues raised in this appeal, but write to address the abandonment issue.
 

 Section 39.806(l)(b), Florida Statutes (2006), authorizes termination of parental rights for abandonment. “Abandonment” is defined in section 39.01(1), Florida Statutes (2006). Under the statutory definition, a child is abandoned when the parent “while being able, makes no provision for the child’s support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations.” The statute goes on to state that “[i]f the efforts of the
 
 *1199
 
 parent ... to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.”
 
 [2]
 

 To terminate parental rights because of abandonment, there must be clear and convincing evidence.
 
 See In re Adoption of Baby E.A.W.,
 
 658 So.2d 961, 967 (Fla.1995) (citing
 
 Santosky v. Kramer,
 
 455 U.S. 745, 747, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and
 
 In re R.W.,
 
 495 So.2d 133, 135 (Fla.1986)). In this case, the record shows substantial competent evidence to support the trial judge’s finding by clear and convincing evidence that the mother abandoned the children when she failed to visit them for over a year prior to the final hearing. Evidence revealed that over the nearly ten-year period that the children were under protective supervision, the mother visited the children sporadically, and that after June 4, 2006, she stopped visiting them altogether.
 
 [3]
 
 The record further shows that any efforts she made to communicate with the children were marginal at best. We note that the record contained conflicting testimony about difficulties the mother said she encountered in trying to arrange visits with the children. However, we cannot reweigh the testimony and evidence or substitute our judgment for that of the trial judge. Instead, we must uphold the trial court’s finding “ ‘[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court’s judgment in favor of terminating ... parental rights.’ ”
 
 E.A.W.,
 
 658 So.2d at 967 (quoting
 
 Kingsley v. Kingsley,
 
 623 So.2d 780, 787 (Fla. 5th DCA 1993)).
 

 In re L.R.R.,
 
 455 So.2d 598 (Fla. 5th DCA 1984), involved a mother who had failed to visit her children between December 1981 and August 1983, even though under the terms of her performance agreement she was to visit with them monthly. The trial court terminated her parental rights. The fifth district affirmed, stating that “the overriding issue here concerns abandonment or Russell’s lack of a genuine interest, as exhibited over almost a two-year period, in her children.”
 
 Id.
 
 at 600. Similarly, in
 
 In re K.A.F.,
 
 442 So.2d 365, 366 (Fla. 5th DCA 1983), the court upheld a finding of abandonment where the mother had failed to communicate with or visit her child, who was in foster care, for over eighteen months.
 

 We note that Mississippi enacted a statute authorizing termination of parental rights in any case where a parent has made no contact with a child three years of age or older for a period of one year.
 
 See In re A.M.A.,
 
 986 So.2d 999 (Miss.Ct.App. 2007) (citing Miss. Code Ann. § 93-15-103(1)-(3) (Rev. 2004)),
 
 cert. denied,
 
 987 So.2d 451 (Miss.2008). Missouri has an even stricter statute, providing that a child has been abandoned if, at the time of the petition, the parent has left a child over one year of age for a period of greater than six months with no provision for pa-
 
 *1200
 
 rental support and without making arrangements to visit or communicate with the child, without good cause, even though the parent has been able to do so.
 
 See In re J.W.,
 
 11 S.W.3d 699, 703 (Mo.Ct.App. 1999) (citing Mo. Ann. Stat. § 211.447.2(1)(b) (1997)). In
 
 J.W.,
 
 the court affirmed a termination under the Missouri statute, even though there had not been an uninterrupted six-month period without visitation.
 
 Id.
 
 at 704. The court affirmed because there had been multiple periods of
 
 nearly
 
 six months without visitation.
 
 Id.
 
 In this case, where the lack of contact exceeded one year, the trial court properly found that the mother abandoned the minor children pursuant to section 39.806(1)(b), Florida Statutes.
 

 Affirmed.
 

 HAZOURI and MAY, JJ., concur.
 

 [1]
 

 . The mother’s three younger children were returned to her in 2005. Protective supervision over these younger children was thereafter terminated by court order.
 

 [2]
 

 .
 
 The definition of abandonment was amended in section 39.01(1), Florida Statutes, effective July 1, 2008. The amended subsection specifies that a parent must establish or maintain a substantial and positive relationship with the child, which "includes, but is not limited to, frequent and regular contact with the child “through frequent and regular visitation or frequent and regular communication to or with the child, and the exercise of parental rights and responsibilities.” It goes on to state that "[m]arginal efforts and incidental or token visits or communications are not sufficient to establish or maintain a substantial and positive relationship with a child.” § 39.01(1), Fla. Stat. (2008).
 

 [3]
 

 . The adjudicatory hearings on the termination petition spanned three dates: July 26, 2007, October 5, 2007, and November 20, 2007.