PER CURIAM.
The Mother appeals the order terminating her parental rights to her two children. We affirm the order of termination, but reverse as to one ground, and remand for modification of the order as explained below.
After the children were sheltered based on the Mother’s drug abuse and the Mother entered a plea of consent to the dependency petition, an order of adjudication of dependency was entered and a case plan was approved. The case plan provided for numerous conditions, many of which were related to the Mother’s drug addiction issues. The Department of Children and Families (Department) ultimately filed a petition for termination of parental rights as to both children, based on abandonment, section 39.806(l)(b), Florida Statutes (2011), and continuing abuse, neglect or abandonment as evidenced by failure to substantially comply with the case plan, section 39.806(l)(e), Florida Statutes (2011). After a trial, the court found that the Department proved abandonment and continuing abuse, neglect or abandonment, and it entered an order terminating the Mother’s parental rights.
*77 We have carefully reviewed the record and find no error in the court’s termination based on continuing abuse, abandonment or neglect. The court did not simply find that the Mother failed to comply with her case plan. It found that the Mother failed to comply with conditions related to the reasons the children were sheltered in the first place — the Mother’s addiction issues — and it found that because of the noncompliance, the children would not be safe if returned to the Mother. This was a sufficient basis for termination under section 39.806(l)(e). See N.F. v. Dep’t of Children & Family Servs., 82 So.3d 1188, 1192 (Fla. 2d DCA 2012) (“[Ejvidence of neglect or abuse can only be based on a failure to ‘substantially comply,’ i.e., fail in a case plan task that bears on the circumstances that caused the creation of the case plan.”).
The Mother also argues that the court erred in basing termination on abandonment under section 39.806(l)(c). With this we agree. “To terminate parental rights because of abandonment, there must be clear and convincing evidence.” T.G. v. Dep’t of Children & Families, 8 So.3d 1198, 1199 (Fla. 4th DCA 2009) (citations omitted). Here the court based abandonment on lack of visitation and failure to provide for the children’s necessities. However, the evidence reflects that the Mother had at least twenty-six visits between February of 2011 and February of 2012. Moreover, the Department’s records and trial testimony indicate there may have been other visits by the mother that were not memorialized in the Department’s records. There was also evidence the Mother had telephone communications with the older child (although the foster mother curtailed some of those communications) and that the Mother brought the children clothing, shoes, snacks, food, money and other gifts.
Based on this evidence, it was error for the court to find the Mother abandoned her children. Contra T.G., 8 So.3d 1198 (affirming finding of abandonment where mother did not visit children for more than a year prior to the final hearing).
We affirm the termination of parental rights based on section 39.806(l)(e), but reverse the portion of the order terminating the Mother’s parental rights based on a finding that she abandoned the children. We reverse and remand for modification of the order.

Affirmed in part, reversed in part, and remanded for modification of order.

LEVINE, FORST, JJ., and KLINGENSMITH, MARK W., Associate Judge, concur.