PER CURIAM.
C.B., mother of R.N., appeals the trial court’s order terminating her parental rights as to R.N. We affirm the order of termination based on section 39.806(l)(e), Florida Statutes (2016). See C.S. v. Dep’t of Child. & Fams., 178 So.3d 937, 940 (Fla. 4th DCA 2015) (recognizing that an appellate court will affirm the order terminating parental rights if “upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court’s judgment in favor of terminating ... parental rights.” (quoting D.G. v. Dep’t of Child. & Fams., 77 So.3d 201, 206-07 (Fla. 4th DCA 2011))). However, because the record reflects that, absent a period of one month, C.B. regularly visited with the child, provided some *529 toys and clothing items for the child, and the child appeared happy to see C.B. during the scheduled visits, we reverse as to the finding of abandonment under sections 39.01(1) and 39.806(l)(b), Florida Statutes (2015), and remand for modification of the order. See J.L. v. Dep’t of Child. & Fams., 143 So.3d 1158, 1158 (Fla. 5th DCA 2014). (citing S.L. v. Dep’t of Child. & Fams., 120 So.3d 75, 77 (Fla. 4th DCA 2013)); see also A.S. v. Dep’t of Child. & Fams., 162 So.3d 335, 339 (Fla. 4th DCA 2015) (citing § 39.01(1), Fla. Stat. (2014)).
AFFIRMED, in part, REVERSED, in part, and REMANDED.
LAWSON, C.J., EVANDER and BERGER, JJ., concur. -