PER CURIAM.
P.R., father of M.C., A.C., and A.C. (B.A.C.),[1] appeals the trial court's order terminating his parental rights. As to B.A.C., we affirm the final judgment terminating P.R.'s parental rights because the grounds for termination based on sections 39.806(1)(c), 39.806(1)(j), and 39.806(1)(k), Florida Statutes (2017), were supported by competent, substantial evidence. We also affirm the final judgment terminating P.R.'s parental rights as to M.C. and A.C. because the grounds for termination based on sections 39.806(1)(e) 1., 39.806(1)(e)3., and 39.806(1)(j) were supported by competent, substantial evidence. However, we conclude that the trial court's finding of abandonment as to M.C. and A.C. based on section 39.806(1)(b) was not supported by competent, substantial evidence. Section 39.806(1)(b) permits termination of parental rights based on abandonment, which is *377 defined in section 39.01(1), Florida Statutes (2017), as "a situation in which the parent ..., while being able, has made no significant contribution to the child's care and maintenance or has failed to establish or maintain a substantial and positive relationship with the child, or both." P.R. attended eight out of fourteen visitation appointments and talked to the children on the phone up to eleven times in the six-month period that was discussed at trial. During those visits he provided the children with small toys and pocket money.[2] While section 39.01(1) provides that "marginal efforts" and "incidental or token visits" will not prevent a finding of abandonment, the gaps in visitation in this case caused by P.R.'s six missed visits were not sufficient to constitute abandonment. See C.B. v. Dep't of Child. & Fams., 199 So.3d 528, 528-29 (Fla. 5th DCA 2016) (citing J.L. v. Dep't of Child. & Fams., 143 So.3d 1158, 1158 (Fla. 5th DCA 2014) ); S.L. v. Dep't of Child. & Fams., 120 So.3d 75, 77 (Fla. 4th DCA 2013) ; T.G. v. Dep't of Child. & Fams., 8 So.3d 1198, 1199 (Fla. 4th DCA 2009) ; see also A.S. v. Dep't of Child. & Fams., 162 So.3d 335, 339 (Fla. 4th DCA 2015) (citing § 39.01(1), Fla. Stat. (2014) ). The only testimony concerning P.R.'s relationship with M.C. and A.C. did not state that the relationship was no longer substantial and positive. Accordingly, we affirm the termination of P.R.'s parental rights, but we remand for modification of the final judgment to remove the finding of abandonment.
AFFIRMED and REMANDED.
TORPY, BERGER and GROSSHANS, JJ., concur.

We use B.A.C. here to distinguish between the two children with the same initials. B.A.C. refers to the child born earlier this year.

We note that P.R. was found indigent by the trial court, and there was no testimony at trial concerning P.R.'s financial resources beyond his monthly rent payment.